Naomi B. Spector (SBN 222573)
KAMBERLAW LLP
3451 Via Montebello, Ste. 192-212
Carlsbad, CA 92009
Phone: 310.400.1053
Fax: 212.202.6364
Email: nspector@kamberlaw.com

*Attorneys for Plaintiffs Allison Barton and*
*Jana Moreno, and the Putative Class*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON BARTON and JANA MORENO, individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>      Defendant. | Case No.: 3:24-cv-01332-GPC-SBC<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF OHIO**<br><br>Judge: Hon. Gonzalo P. Curiel<br>Hearing Date: January 9, 2026<br>Hearing Time: 1:30 p.m.<br>Courtroom: 2D |

# TABLE OF CONTENTS

I.    INTRODUCTION ...........................................................................................1

II.   STATEMENT OF FACTS................................................................................3

III.  LEGAL STANDARD ......................................................................................4

IV.   THE CONVENIENCE FACTORS FAVOR LITIGATION IN CALIFORNIA .........5

    A.    The Plaintiffs' Choice of Forum and the Parties' Contacts with California Weigh Heavily in Favor of Continued Litigation in California..........................5

    B.    The Local Interests in the Controversy Favor California ...................................9

    C.    The Convenience of Witnesses Is Neutral .........................................................10

        1.   *Defendant Fails to Show Inconvenience to Party Witnesses*.......................10

        2.   *Defendant Fails to Show Inconvenience to Non-Party Witnesses*...............13

    D.    Costs of Litigation Do Not Favor Transfer........................................................14

    E.    Ease of Access to Sources of Proof Does Not Favor Transfer .........................15

    F.    Familiarity With the Applicable Law Favors California ...................................15

V.    THE INTERESTS OF JUSTICE HEAVILY FAVOR CONTINUED LITIGATION BEFORE THIS COURT ...............................................................................16

VI.   LOCATION WHERE THE CASE COULD HAVE BEEN BROUGHT .................18

VII.  CONCLUSION .............................................................................................20

PLAINTIFFS' OPPOSITION TO MOTION TO          No. 3:24-CV-01332-GPC-SBC
TRANSFER VENUE TO OHIO

# TABLE OF AUTHORITIES

**Cases**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
368 F.3d 1174 (9th Cir. 2004) ..................................................................................18

*Adachi v. Carlyle/Galaxy San Pedro L.P.*,
595 F. Supp. 2d 1147 (S.D. Cal. 2009) ....................................................................13

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,
666 F. Supp. 2d 1109 (C.D. Cal. 2009) ......................................................................5

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
946 F.2d 622 (9th Cir. 1991) ....................................................................................19

*Askin v. Quaker Oats Co.*,
No. 11 CV 111, 2012 WL 517491 (N.D. Ill. Feb. 15, 2012)....................................17

*Bohara v. Backus Hosp. Med. Benefit Plan*,
390 F. Supp. 2d 957 (C.D. Cal. 2005) ......................................................................10

*Burnett v. Ocwen Loan Servicing, LLC*,
No. 17 C 3474, 2017 WL 5171226 (N.D. Ill. Nov. 8, 2017).....................................17

*Cardoza v. T-Mobile USA Inc.*,
No. 08-5120 SC, 2009 WL 723843 (N.D. Cal. Mar. 18, 2009) ..................................7

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) ................................................................................................9

*Decker Coal Co. v. Commonwealth Edison Co.*,
805 F. 2d 834 (9th Cir. 1986) ...........................................................................5, 6, 14

*Dole Food Co. v. Watts*,
303 F.3d 1104 (9th Cir. 2002) ..................................................................................18

*Doornbos v. Pilot Travel Centers LLC*,
No. 04CV00044BEN (BLM), 2005 WL 6167730 (S.D. Cal. Aug. 16, 2005) .............11

*Florens Container v. Cho Yang Shipping*,
245 F. Supp. 2d 1086 (N.D. Cal. 2002) ......................................................................5

*Getz v. Boeing Co.*,
547 F. Supp. 2d 1080 (N.D. Cal. 2008) ...............................................................15, 16

*Hatch v. Reliance Ins. Co.*,
758 F.2d 409 (9th Cir. 1985) ......................................................................................5

*Hendricks v. StarKist Co.*,
No. 13-CV-729 YGR, 2014 WL 1245880 (N.D. Cal. Mar. 25, 2014) ...............7, 14, 16

ii

PLAINTIFFS' OPPOSITION TO MOTION TO       No. 3:24-CV-01332-GPC-SBC
TRANSFER VENUE TO OHIO

*Icon Health & Fitness, Inc. v. Calderon*, No. 12CV2029-GPC WMC, 2013 WL
1289264 (S.D. Cal. Mar. 27, 2013) ................................................................13, 15

*In re Bozic*,
888 F.3d 1048 (9th Cir. 2018) ......................................................................19

*In re Ferrero Litig.*,
768 F. Supp. 2d 1074 (S.D. Cal. 2011).................................................passim

*In re Yahoo!*,
2008 WL 707405, 2008 U.S. Dist. LEXIS 20605 (C.D. Cal. 2008) ............7

*Jones v. GNC Franchising*,
211 F.3d 495 (9th Cir. 2000) .....................................................................4, 5

*Jovel v. i-Health, Inc.*,
No. CV 12-05526 DDP JCGX, 2012 WL 5470057 (C.D. Cal. Nov. 8, 2012).............11

*Lou v. Belzberg*,
834 F.2d 730 (9th Cir. 1987) .....................................................................5, 8

*Luna v. Wal-Mart Transportation, LLC*,
No. EDCV18331PSGKKX, 2018 WL 3569357 (C.D. Cal. July 11, 2018) ..................12

*Lundstrom v. Young*,
No. 18-CV-2856-GPC, 2022 WL 15524624 (S.D. Cal. Oct. 27, 2022)........................15

*Mazza v. Am. Honda Motor Co.*,
666 F.3d 581 (9th Cir. 2012) ......................................................................12

*Moore v. Morgan Stanley & Co.*,
No. CIV. A. 07 C 5606, 2007 WL 4354987 (N.D. Ill. Dec. 6, 2007)...........................17

*Mussat v. IQVIA, Inc.*,
953 F.3d 441 (7th Cir. 2020) ......................................................................18

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir. 2022) .......................................................................12

*Peace v. Parascript Mgmt., Inc.*,
No. CV 12-09663 JGB (EX), 2013 WL 12137565 (C.D. Cal. Mar. 18, 2013).............11

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981)......................................................................................6

*Rikos v. Procter & Gamble Co.*,
No. 10CV1974 BEN CAB, 2011 WL 1456096 (S.D. Cal. Apr. 13, 2011) ..................12

*Roling v. E*Trade Sec., LLC*,
756 F.Supp.2d 1179 (N. D. Cal. 2010) .........................................................6

iii

PLAINTIFFS' OPPOSITION TO MOTION TO          No. 3:24-CV-01332-GPC-SBC
TRANSFER VENUE TO OHIO

*Romoff v. Johnson & Johnson Consumer Inc.*,
No. 22CV75-LL-WVG, 2022 WL 3905301 (S.D. Cal. Aug. 26, 2022).......................11

*Rowland v. Paris Las Vegas*,
No. 3:13-CV-02630-GPC, 2014 WL 3867528 (S.D. Cal. Aug. 6, 2014).....................13

*Saleh v. Titan Corp.*,
361 F. Supp. 2d 1152 (S.D. Cal. 2005)...................................................................13

*Schwartz v. Frito-Lay N. Am.*,
No. C-12-02740 EDL, 2012 WL 8147135 (N.D. Cal. Sept. 12, 2012) .......................12

*Shultz v. Hyatt Vacation Mktg. Corp.*,
No. 10-CV-04568-LHK, 2011 WL 768735 (N.D. Cal. Feb. 28, 2011).......................14

*STX, Inc. v. Trik Stik, Inc.*,
708 F. Supp. 1551 (N.D. Cal. 1988) ...............................................................4, 13

*Universal Stabilization Techs., Inc. v. Advanced Bionutrition Corp.*,
No. 17CV87-GPC (MDD), 2017 WL 1838955 (S.D. Cal. May 8, 2017) ............5, 6, 15

*Urista v. Wells Fargo & Co.*,
No. 20-CV-01689-H-AHG, 2020 WL 7385847 (S.D. Cal. Dec. 16, 2020) ...............6, 7

*Van Dusen v. Barrack,*
376 U.S. 612 (1964)...............................................................................................16

*van Meter v. Mondelez Int'l, Inc.*,
No. 24-CV-00565-AMO, 2025 WL 875391 (N.D. Cal. Mar. 18, 2025).......................13

*Van Slyke v. Cap. One Bank*,
503 F. Supp. 2d 1353 (N.D. Cal. 2007) ...............................................................9, 16

*Young v. Coastal Island Charters,*
2005 U.S. Dist. LEXIS 32177, 2005 WL 3630623 (E.D.Cal.2005)...........................12

**Statutes**
28 U.S.C. § 1404(a)............................................................................................passim

Cal. Bus. & Prof. Code § 17200................................................................................9

**Other Authorities**
15 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and
Procedure § 3848 (2007)........................................................................................5

**Rules**
Fed. R. Civ. P. 45(b)(2) ............................................................................................13

iv

PLAINTIFFS' OPPOSITION TO MOTION TO        No. 3:24-CV-01332-GPC-SBC
TRANSFER VENUE TO OHIO

## I.    INTRODUCTION

Under the guise of convenience and efficiency, Defendant seeks to transfer this case (the "California Case" or "Case"), which has been pending before this Court for more than 15 months, to the Southern District of Ohio where Defendant is headquartered, but no case is pending. *See* Defendant The Procter & Gamble Company's Notice of Motion and Motion to Transfer Venue to the Southern District of Ohio, ECF. No. 42 ("Motion"). Although Defendant purports to endorse the interests of justice, its Motion seeks the least efficient course of action, which would disregard the substantial Court and party resources that have been expended in this Case, including the time and effort already expended on the briefing, hearing and Orders entered on Defendant's Motions to Dismiss. *See* ECF Nos. 15, 26, 29, 33 and 39. It may well be that this Court's Order Granting in Part and Denying in Part Defendant's second Motion to Dismiss is what motivated the instant Motion, rather than any concern about convenience or efficiency. *See* ECF No. 39 ("MTD Order").[1] Irrespective of the reason, Defendant's efforts to subvert the last 15 months of litigation and forum shop this case to its home state are directly contrary to the purpose of 28 U.S.C. § 1404(a). Defendant's Motion should be denied.

Notably, Defendant's attempt to use the recently-filed Illinois Action as a justification for transfer is entirely based on an unlikely, hypothetical scenario. Defendant's Motion assumes that both the Northern District of Illinois and this Court will transfer the cases pending before them to Ohio, yet neither action has been transferred. *See e.g.* Illinois Action, Doc. 15 (setting a briefing schedule on Defendant's motion to transfer and motion to dismiss). Accordingly, Defendant's claim that it would be more efficient to litigate this

---

[1] Defendant has tried to distance itself from the MTD Order by characterizing it as an outlier: "But the court recognized that its decision was an outlier: the court 'acknowledged that such allegations have been held to be insufficient for some courts evaluating misrepresentation claims that involve heavy metals in products.'" *See* Defendant's motion to transfer filed in a case pending in the Northern District of Illinois, *Foster v. The Procter & Gamble Co.*, No. 1:25-CV-09735 (the "Illinois Action"), Doc. 13 at 2-3 (filed herewith as Exhibit A).

1

PLAINTIFFS' OPPOSITION TO MOTION TO                    No. 3:24-CV-01332-GPC-SBC
TRANSFER VENUE TO OHIO

Case in Ohio is nothing more than pure conjecture, which is conditioned on transfer of the Illinois Action.

Moreover, there is simply no good reason to transfer the California Case and Illinois Action to Ohio. While both cases are premised on parallel facts, there is no overlap in the class claims or causes of action. The instant Case is brought by California purchasers on behalf of a putative California Class and only alleges claims for violations of California Consumer Protection laws. *See* Second Amended Complaint, ECF No. 30 ("SAC"), ¶¶ 118-207. The Illinois Action, by contrast, is brought by an Illinois purchaser on behalf of putative multi-state and nationwide classes, which exclude California, and is not based on any California cause of action. *See* Illinois Action, Doc. 1 ¶ 109. In addition, because this Case is more procedurally advanced than the Illinois Action by more than a year, it is unlikely that there will be any overlap in motion practice or discovery. To the extent that potential inefficiencies do arise, they can be easily addressed by instituting a limited stay in the Illinois Action or coordinating discovery. Under any potential scenario, however, it is clear that transferring this case to Ohio is the least efficient course of action, which directly contravenes the interests of justice.

Although the interests of justice alone warrant denial of Defendant's Motion, the convenience factors also weigh heavily against transfer. Plaintiffs' choice of forum and California's strong interest in retaining this case in California favor continued litigation before this Court. The remaining factors are neutral at best because Defendant has not met its burden to show any party or non-party inconvenience, inability to produce documents electronically, or unprecedented costs associated with continued litigation before this Court. The situs of material events is also neutral because Defendant's claims that its labeling decisions were made in Ohio are completely offset by Defendant's intentional sale of its mislabeled Products in California. Balancing the factors demonstrates that Defendant has not made any showing that would minimize the substantial weight given to Plaintiffs' choice of forum, particularly because Plaintiffs are residents of this judicial District, who purchased Defendant's mislabeled Products and were injured in this District. California's

2

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE TO OHIO                    No. 3:24-CV-01332-GPC-SBC

strong interests in protecting its consumers, including by adjudicating cases involving California consumer protection laws, also weighs heavily in favor of continued litigation before this Court, and denial of Defendant's Motion.

## II.    STATEMENT OF FACTS

This case was filed on July 29, 2024. *See* ECF No. 1. In the operative Complaint, Plaintiffs allege that Defendant prominently labels its Tampax Pearl and Tampax Radiant tampons (the "Products") with representations that are likely to lead reasonable consumers to believe that the Products are free from potentially harmful elements and ingredients, such as lead. *See* SAC, ¶¶ 60-62, ¶ 94, ¶109. These representations are misleading because the Products contain a substantial amount of lead, which is not disclosed anywhere on the Products labels. *Id.* ¶ 62, ¶ 95, ¶ 110. Plaintiffs and reasonable consumers do not want to purchase tampons containing lead and are injured based on the price paid to purchase Defendant's Products, particularly where there are other tampons available in the marketplace that do not contain lead. *Id.* ¶¶ 69-74. Plaintiffs allege a California Class based on violations of California's Unfair Competition Law (UCL), False Advertising Law (FAL), and Consumer Legal Remedies Act (CLRA). *Id.* ¶¶ 118-207.

This Court has adjudicated and decided two motions to dismiss. *See* ECF No. 15 (Defendant's Motion to Dismiss First Amended Complaint); ECF No. 26 (oral argument was heard on Defendant's Motion to Dismiss); ECF No. 29 (Order Granting in Part and Denying in Part Motion to Dismiss); ECF No. 33 (Defendant's Motion to Dismiss Second Amended Complaint); and ECF No. 39 (Order Granting in Part and Denying in Part Motion to Dismiss). In addition, on October 31, 2025, the Court held an Early Neutral Evaluation Conference and Case Management Conference. ECF No. 45.

On August 18, 2025, Plaintiff Stephanie Foster filed a case in the Northern District of Illinois against Defendant. *See* Illinois Action, *Foster v. The Procter & Gamble Co.*, Case No. 1:25-cv-09735, Doc. 1. The Illinois Action alleges claims based on similar facts to those at issue and is brought by the same counsel that represents Plaintiffs in this Case. *Id.* However, the Illinois Action is brought by a citizen of Chicago who purchased

3

Defendant's Products in Chicago, Illinois. *Id.* ¶¶ 92, 95. In addition, the Illinois plaintiff seeks to represent a nationwide class, excluding California, a multi-state consumer protection class (also excluding California), and an Illinois subclass. *Id.* at 109.

It bears noting that, on the same date as the Illinois Action was filed, a similar case was filed in the Northern District of Illinois against Kimberly-Clark. *See Foster v. Kimberly-Clark Corp.*, Case No. 1:25-cv-09736 (the "Illinois Kotex Action"). The parties to the Illinois Kotex Action have filed four consent motions to extend the response deadlines to the plaintiff's complaint, which were entered by the court. *See* Illinois Kotex Action, Docs. 12, 18, 21 and 26. Thus, while the parties to the Illinois Kotex Action have cooperated to enter multiple stays while a similar California case is pending, Defendant here has not sought to stay the Illinois Action. Instead, on October 13, 2025, Defendant filed a Motion to Dismiss and a Motion to Transfer Venue to the Southern District of Ohio ("IL Motion to Transfer"). *See* Illinois Action, Docs. 12 and 13. The Illinois plaintiff filed oppositions to those motions on November 4, 2025, and Defendant's replies are due by November 12, 2025. *See* Illinois Action, Docs. 15-17. A copy of the Illinois plaintiff's opposition to the IL Motion to Transfer, Doc. 16, is filed herewith as Exhibit B (the "IL Opposition to Motion to Transfer").

## III.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "the district court has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted). "In seeking to transfer a case to a different district, a defendant bears a heavy burden of proof to justify the necessity of the transfer. The plaintiff's choice of forum should not be easily overturned." *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1555–56 (N.D. Cal. 1988). "[I]t 'is clear that the burden is on the defendant seeking transfer under Section 1404(a) to establish why there should be a change of forum.... it is not enough that the defendant would prefer another forum, nor is it enough merely to show that the claim arose elsewhere. And, not surprisingly, transfer will not be ordered if the result is

4

| PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE TO OHIO | No. 3:24-CV-01332-GPC-SBC |

merely to shift the inconvenience of where the action is located from one party to another....'" *See Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009) (*citing* 15 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3848 (2007) (footnotes omitted)).

Courts employ a two-step analysis to determine whether transfer is proper. *Hatch v. Reliance Ins. Co*., 758 F.2d 409, 414 (9th Cir. 1985). First, a court must ask whether the transferee court is one where the action "might have been brought" and then it must determine whether "convenience of parties and witnesses in the interest of justice" favor transfer. *Id*. "In deciding whether to transfer a case under Section 1404(a), Ninth Circuit courts employ a nonexclusive multi-factor test considering: (1) the plaintiff's choice of forum, (2) the contacts relating to the plaintiff's cause of action in the chosen forum, (3) the respective parties' contacts with the forum, (4) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (5) the differences in the costs of litigation in the two forums, (6) the ease of access to sources of proof, (7) the location where the relevant agreements were negotiated and executed, and (8) the state that is most familiar with the governing law." *In re Ferrero Litig*., 768 F. Supp. 2d 1074, 1078 (S.D. Cal. 2011) (citing *Jones*, 211 F.3d at 498–99)).

## IV.   THE CONVENIENCE FACTORS FAVOR LITIGATION IN CALIFORNIA

### A.   The Plaintiffs' Choice of Forum and the Parties' Contacts with California Weigh Heavily in Favor of Continued Litigation in California

"The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *See Decker Coal Co. v. Commonwealth Edison Co*., 805 F. 2d 834, 842 (9th Cir. 1986). "Plaintiff's choice of forum is given great weight." *Universal Stabilization Techs., Inc. v. Advanced Bionutrition Corp*., No. 17CV87-GPC (MDD), 2017 WL 1838955, at *9 (S.D. Cal. May 8, 2017) (Curiel, J.) (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)); *see also Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002) ("the Northern District of California has a substantial interest both in the subject matter and in its home-state

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE TO OHIO          No. 3:24-CV-01332-GPC-SBC

plaintiffs" where the basis of the security action arose in California, even where the defendants' places of business was outside of California).

Plaintiffs' choice of forum is afforded substantial deference. Plaintiffs allege a California-only Class based on purchases of Defendant's misbranded Products, which Defendant intentionally marketed and sold in California to California purchasers. *See generally* SAC. Under the facts alleged, Plaintiffs' choice of forum weighs heavily against transfer to Ohio. *See In re Ferrero Litig.*, 768 F. Supp. 2d at 1078–79 ("Both plaintiffs reside in this district and purchased the product at issue in this district . . . . A plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen its 'home forum.'") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)); *Universal Stabilization Techs., Inc.*, 2017 WL 1838955, at *10 ("In reviewing the factors to determine whether the case should be transferred, Defendant has not demonstrated a strong showing of inconvenience to warrant upsetting [plaintiff's] choice of forum. *See Decker*, 805 F.2d at 843. Therefore, the Court DENIES ABN's motion to transfer the case to the District of Maryland."). Furthermore, there is no evidence of forum shopping (nor could Defendant allege any), thus, Plaintiffs' choice of forum is given substantial consideration. *See In re Ferrero Litig.*, 768 F. Supp. 2d at 1079 (holding choice of forum weighed against transfer in a class action because there was no evidence of forum shopping and the case arose from the defendant's contacts in California); *Urista v. Wells Fargo & Co.*, No. 20-CV-01689-H-AHG, 2020 WL 7385847, at *3 (S.D. Cal. Dec. 16, 2020) ("Plaintiff chose to litigate in this forum, where he resides, and where his encumbered property is located . . . . And even though this is a class action, his choice is entitled to deference because 'there is no evidence that [Plaintiff] engaged in forum shopping and both [Plaintiff] and [Defendants] have significant contacts with the [forum],' including those that gave rise to this action.") (citing *Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1186 (N. D. Cal. 2010)).

Defendant's claim that "Plaintiffs' choice of forum is minimal when claims are brought on behalf of a class" is incorrect. *See* Motion at 10:18-20. Where, as here, Plaintiffs' claims are brought on behalf of a California-only Class, Plaintiff's choice of

6

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE TO OHIO     No. 3:24-CV-01332-GPC-SBC

forum is entitled to substantial deference. *See Cardoza v. T-Mobile USA Inc.*, No. 08-5120 SC, 2009 WL 723843, at *4 (N.D. Cal. Mar. 18, 2009) ("The Court does not give less weight to Plaintiff's choice of forum based on Plaintiff's decision to bring this suit on behalf of a class. Courts tend to do so in cases where the plaintiff seeks to represent a nationwide class . . . Here, Plaintiff's putative classes are limited to California consumers."); *Urista*, 2020 WL 7385847, at *3 (the plaintiff's choice of forum was entitled to deference in a class action case); *In re Ferrero Litig.*, 768 F. Supp. 2d at 1079 (giving deference to the plaintiffs' choice of forum in a consolidated class action because the operative facts occurred in California and the plaintiffs reside in California); *see also Hendricks v. StarKist Co.*, No. 13-CV-729 YGR, 2014 WL 1245880, at *3 (N.D. Cal. Mar. 25, 2014) ("Plaintiff's choice of forum would receive only minimal deference if the operative facts had not occurred within the forum and the forum had no interest in the parties or subject matter.") (citations omitted).

Defendant's second argument against Plaintiffs' choice of forum—that the decisions regarding labeling of the Products occurred outside of California (Motion at 10:20-25)—completely disregards the substantial conduct of Defendant that *did occur* in this forum, including the intentional advertising and sale of Defendant's misbranded Products in California.  Defendant's argument has been rejected by the courts of this District. *See e.g. Urista*, 2020 WL 7385847, at *3 ("Defendants contentions that the 'crux' of this case does not lie in California . . . are not persuasive. This case involves predominately California class claims, which arise out of Defendants' mortgage servicing operations relating to real property located in California. Further, this case primarily deals with California law, with which this Court is likely to be more familiar.").

*In re Ferrero Litig.*, 768 F. Supp. 2d 1074, is instructive. There, the defendant "argue[d] that the challenged conduct occurred in New Jersey because that is where the misrepresentations or omissions were created, *citing In re Yahoo!*, 2008 WL 707405, at *8, 2008 U.S. Dist. LEXIS 20605, at *8 (C.D. Cal. 2008) . . . ." *Id.* at 1079.  The *In re Ferrero Litig.* court distinguished *In re Yahoo!* on three grounds, each of which is relevant here:

7

> First, in Yahoo!, the named Plaintiff was not a resident of the district in which the case was filed . . . . Second, although Defendant['s] alleged misrepresentations and omissions may have occurred in the District of [New Jersey], Plaintiff[s'] reliance on those misrepresentations, and the resulting harm, occurred here. Thus, not all of the 'operative facts' in this case took place in [New Jersey]." . . . . Finally, "by choosing to market and sell [its Nutella® product] nationwide, rather than just in the state of [New Jersey]," Defendant exposed itself to the risk of being sued in the districts in which its product is sold.

*Id*. (internal citations omitted) (giving deference to the plaintiffs' choice of forum in California). The same analysis applies to this Action. First, Plaintiffs are residents of California. *See* SAC ¶¶ 75, 78. Second, Plaintiffs relied on Defendant's misrepresentations in California and were injured in California. *Id*. Third, Defendant intentionally chose to market its Products bearing the misrepresentations in California, and "exposed itself to the risk of being sued" in California. *Id*. ¶¶ 83-85.[2]

Defendant's final argument, that "Plaintiffs' counsel has already chosen another district" to litigate (Motion at 10:25-26) is not only incorrect, but is completely irrelevant to the Section 1404(a) analysis. The Illinois plaintiff properly chose to file the Illinois Action in her home state, where she purchased the products. *See* Section II, *supra*. Furthermore, there is no overlap between the claims in the California Case and the Illinois Action because the Illinois Action does not seek certification of a California class or allege any cause of action pursuant to California law. *Id.* In short, Defendant's final argument has no relevance under the law and in no way mitigates the substantial deference given to Plaintiffs' choice of forum.

---

[2] *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), cited by Defendant (Motion at 10:22-24) is readily distinguishable. *Lou* involved a stock purchase agreement, which was negotiated in New York, and claims brought pursuant to securities law and RICO, which give rise to concurrent jurisdiction. Here, by contrast, Plaintiffs' claims are based on violations of California's consumer protection laws due to purchases of mislabeled Products, which were sold by Defendant in this judicial District.

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE TO OHIO                    No. 3:24-CV-01332-GPC-SBC

### B.     The Local Interests in the Controversy Favor California

California has a strong interest in protecting consumers from misleading and deceptive advertising and marketing of products. *See e.g. Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 181 (1999) (discussing California's Unfair Competition Law and stating: "[T]he Legislature ... intended by this sweeping language to permit tribunals to enjoin on-going wrongful business conduct in whatever context such activity might occur. Indeed, ... the section was intentionally framed in its broad, sweeping language, precisely to enable judicial tribunals to deal with the innumerable new schemes which the fertility of man's invention would contrive.") (internal quotation marks omitted); *Van Slyke v. Cap. One Bank*, 503 F. Supp. 2d 1353, 1365 (N.D. Cal. 2007) ("California law governs plaintiffs' claims. It is estimated that 20% of the putative class resides in California and certainly 100% of a state-wide class for a Section 17200 claim would reside in California. Here, there is a local interest in keeping this action in California. This factor favors keeping this action in this district.").

Defendant's argument that Ohio has an interest in the dispute based on decisions that were made about the marketing and development of the Products in Ohio (Motion at 9) wholly disregards California's paramount interest in preventing fraudulent business practices from being inflicted on California residents. Under the guidance of *Van Slyke*, California's interests in adjudicating a California class involving California law outweighs any interest Ohio could have as the location where "the alleged misrepresentations" originated. *See* Motion at 9:17-18; *see also Van Slyke*, 503 F. Supp. 2d at 1365 ("The state of Virginia does have an interest in regulating its banks, but that interest conflicts with California's interest in ensuring efficacious remedies, such as class actions, for its citizens, as stated. California has a greater interest in adjudicating this action, so this factor disfavors transfer.").

California's strong interest in enforcing its consumer protection laws and protecting California consumers from misleading and fraudulent business practices further weighs in favor of continued litigation before this Court and denial of transfer.

9

### C. The Convenience of Witnesses Is Neutral

#### 1. Defendant Fails to Show Inconvenience to Party Witnesses

Defendant fails to meet its burden to demonstrate inconvenience because it does not identify any witnesses with specificity, and utterly fails to identify any specific witness testimony. *See* Motion at 6:4-7 (citing the Harshman Declaration and stating generally that no witnesses are located in California); Declaration of Chelsey Harshman in Support of the Procter & Gamble Company's Motion to Transfer, ECF No. 42-1 (the "Harshman Decl."), at 1 (stating only that P&G's Feminine Care unit is based out of Cincinnati, Ohio and that the "vast majority of North America Feminine Care employees that are relevant to this dispute work in or around Cincinnati, Ohio. None work or live in California."). Defendant's conclusory statements fail to meet the standard to show inconvenience to witnesses. *See In re Ferrero Litig.*, 768 F. Supp. 2d at 1080 ("In its motion, Defendant does not identify any specific potential witnesses, and only states in a conclusory manner that 'the key witnesses in this action are located in New Jersey (or elsewhere on the east coast) while none (beside plaintiffs themselves) are located in California.' . . . This sole conclusory statement does not satisfy Defendant's burden of showing that transfer is warranted based on this factor."); *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1215-16 (S.D. Cal. 2013) ("Defendants have not identified any potential witnesses by name or described their testimony. While the Court agrees the majority of witnesses are located in New Jersey, Defendants fail to specifically name or describe their testimony. These components appear to offset, and the Court finds this factor is neutral."); *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005) ("if the transfer is for the convenience of witnesses, defendant must name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them.").

Furthermore, any speculative inconvenience to witnesses is likely to be the same for both Plaintiffs and Defendant, rendering this factor neutral. For example, the inconvenience to party witnesses who would have to travel would be the same for Plaintiffs

10

PLAINTIFFS' OPPOSITION TO MOTION TO          No. 3:24-CV-01332-GPC-SBC
TRANSFER VENUE TO OHIO

and Defendant. Although Defendant avers that "[i]t would be costly and disruptive for me and other P&G employees in the Feminine Care unit with responsibilities over the Tampax Pearl and Tampax Radiant products to travel to California for deposition or trial" and that "I anticipate that I . . . would miss at least two full days of work for travel across the country alone", this speculative inconvenience applies only to party witnesses, and is the same for Plaintiffs as Defendant. *See* Harshman Decl. at ¶ 9. If the Court were to transfer this Action to Ohio, Plaintiffs and other California witnesses would likewise be subject to inconveniences, such as having to travel and miss work.

The caselaw cited by Defendant is inapplicable and does not support transfer under the facts of this Case. *See* Motion at 6:7-13. *Doornbos v. Pilot Travel Centers LLC*, No. 04CV00044BEN (BLM), 2005 WL 6167730, at *1 (S.D. Cal. Aug. 16, 2005) involved a class action where the California portion of the case had received final settlement approval, and the Defendants moved to transfer the remaining, non-California portion of the case to Tennessee. Here, however, Plaintiffs only allege a California Class based on claims arising in California. *See generally* SAC. *Peace v. Parascript Mgmt., Inc.*, No. CV 12-09663 JGB (EX), 2013 WL 12137565, at *1 (C.D. Cal. Mar. 18, 2013) involved an agreement that was negotiated, executed and allegedly breached in Colorado. *Id.* at *3. Accordingly, the *Peace* court focused in large part on the standard for a breach of contract case, which is inapplicable to the facts at issue. *Id.*; *see also Jovel v. i-Health, Inc.*, No. CV 12-05526 DDP JCGX, 2012 WL 5470057, at *1 (C.D. Cal. Nov. 8, 2012) (Motion at 6:11-13) (involving nationwide claims where there was a suggestion of forum shopping).

*Romoff v. Johnson & Johnson Consumer Inc.*, No. 22CV75-LL-WVG, 2022 WL 3905301, at *1 (S.D. Cal. Aug. 26, 2022) (Motion at 6:15-19) is likewise distinguishable because there, unlike here, the defendant "identified its anticipated witnesses with sufficient specificity and provided a general statement regarding their testimony." *Id.* at *3-*4. In addition, the *Romoff* court gave little weight to the plaintiff's choice of forum, including because the plaintiff sought to represent nationwide and multi-state classes. *Id.* at *3 (the *Romoff* court also cites *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 590 (9th

11

Cir. 2012), which was subsequently overruled by *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022)). Transfer in *Rikos v. Procter & Gamble Co.*, No. 10CV1974 BEN CAB, 2011 WL 1456096, at *2 (S.D. Cal. Apr. 13, 2011) (Motion at 6:21-22) was predicated on the fact that the named plaintiff was a "resident of Illinois and only occasionally travels to the Southern District of California to visit family." In reaching its determination, however, the *Rikos* court distinguished another case where "the court . . . did consider familiarity with the governing law, [but] it also relied heavily on the fact that the Plaintiff was a resident of his chosen forum." *Id.* (referring to *Young v. Coastal Island Charters,* 2005 U.S. Dist. LEXIS 32177, *8, 2005 WL 3630623 (E.D.Cal.2005)). The facts of this case are much closer to *Young* because Plaintiffs are both residents of the Southern District of California.  *See* SAC ¶¶ 75, 78.

The remaining cases cited by Defendant (Motion at 7) are distinguishable because they involve the contemporaneous filing of multiple cases where the California cases were transferred to preserve economy, including under the first-to-file rule. *See e.g. Hawkins*, 924 F. Supp. 2d at 1213 (five actions alleging similar claims were filed and subsequently consolidated in New Jersey); *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 EDL, 2012 WL 8147135, at *1 (N.D. Cal. Sept. 12, 2012) (the defendant moved to transfer the case to New York, where a similar, consolidated action was first filed); *Luna v. Wal-Mart Transportation, LLC*, No. EDCV18331PSGKKX, 2018 WL 3569357, at *3 (C.D. Cal. July 11, 2018) (the plaintiff sought to represent a nationwide class where data showed that California residents comprised only a fraction of potential class members and the relevant conduct occurred outside of California). Here, there is no case pending in Ohio and this Case is the first-filed action. Furthermore, these cases support Plaintiffs' argument that the interests of justice strongly favor maintaining this case in California, as discussed in detail in Section VI below.[3]

---

[3] The other cases cited by Defendant from the Southern District of California (Motion at 8) are factually distinct. In *Icon Health & Fitness, Inc. v. Calderon*, No. 12CV2029-GPC

12

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE TO OHIO                    No. 3:24-CV-01332-GPC-SBC

### 2. Defendant Fails to Show Inconvenience to Non-Party Witnesses

In addition to failing to meet its burden to specifically identify party witnesses and their testimony, Defendant also fails to identify any non-party witnesses. "Importantly, '[w]hile the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor.'" *See Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (citation omitted); *see also Rowland v. Paris Las Vegas*, No. 3:13-CV-02630-GPC, 2014 WL 3867528, at *13 (S.D. Cal. Aug. 6, 2014) ("As other courts have found, the inconvenience caused by out-of-forum witnesses must be discounted where the witnesses are current employees of the defendant and may be compelled by the defendant to testify in the forum."). Non-party witnesses are afforded more deference because a party can compel the testimony of its witnesses at trial, but courts have limited subpoena power over non-party witnesses. *See e.g. STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988); *see also* Fed. R. Civ. P. 45(b)(2). Accordingly, even if Defendant had met its burden to show inconvenience to party witnesses (it did not), because Defendant completely fails to identify a single non-party witness, this factor is afforded little or no weight in the analysis. *See e.g. van Meter v. Mondelez Int'l, Inc.*, No. 24-CV-00565-AMO, 2025 WL 875391 (N.D. Cal. Mar. 18, 2025) ("the '[c]onvenience of a litigant's employee witnesses is entitled to little weight because they can be compelled by their employers to testify regardless of venue.'") (citation omitted); *Hendricks*, 2014

---

WMC, 2013 WL 1289264, at *1 (S.D. Cal. Mar. 27, 2013) (Curiel, J.) this Court granted transfer where the plaintiff had already sued the defendant in the District of Utah and the parties had entered into a stipulated permanent injunction in the Utah case. Subsequently, the plaintiff filed another action in Utah for breach of the stipulated injunction, and filed an action in this Court alleging continued infringement. Under those facts, where the parties "have engaged, and continue to engage, in litigation in Utah regarding Defendants' business practices," the Court found that transfer was appropriate. *Id.* at *5; *see also Adachi v. Carlyle/Galaxy San Pedro L.P.*, 595 F. Supp. 2d 1147, 1151 (S.D. Cal. 2009) (transfer was warranted where (i) all of the defendants and plaintiffs resided in the central district of California and only one out of 239 prospective class members resided in the Southern District, (ii) the "events giving rise to Plaintiffs claims all arose in the Central District" and (iii) the "property at issue is located within the Central District.").

13

PLAINTIFFS' OPPOSITION TO MOTION TO     No. 3:24-CV-01332-GPC-SBC
TRANSFER VENUE TO OHIO

WL 1245880, at *4 ("Even if StarKist is correct in claiming that it will provide more witnesses . . . StarKist still only refers to party witnesses, and not the non-party witnesses with which this factor is chiefly concerned . . . . Essentially, StarKist argues that having to transport its own testifying employees to California will be highly inconvenient and costly to the company. However, this would not be a sufficient reason to justify a transfer . . .") (citation omitted).

Defendant fails to meet its burden to show any inconvenience and fails to show inconvenience to any non-party witness.[4] Defendant's unavailing arguments amount to nothing more than an improper attempt to shift any litigation inconveniences from Defendant to Plaintiffs. The convenience of witnesses does not weigh in favor of transfer.

## D.    Costs of Litigation Do Not Favor Transfer

The costs of litigation are neutral or favor continued litigation in California for three reasons. First, transfer "'would merely shift rather than eliminate' the inconvenience of costs." *See In re Ferrero Litig.*, 768 F. Supp. 2d at 1080–81 (citing *Decker Coal Co.*, 805 F.2d at 843). Here, transferring this case to Ohio might decrease Defendant's litigation costs, but it would shift the burden to Plaintiffs to travel to Ohio and litigate in that forum. Second, "'corporations are better-equipped than individuals to absorb increased litigation costs.'" *Id.* (citing *Shultz v. Hyatt Vacation Mktg. Corp.*, No. 10-CV-04568-LHK, 2011 WL 768735, at *6 (N.D. Cal. Feb. 28, 2011)). Here, Defendant is a multinational consumer goods company with reported fiscal year 2025 net sales of $84.3 billion. *See https://us.pg.com/blogs/pg-earnings-fourth-quarter-2025/* (last accessed November 10, 2025). Defendant is in a far superior position to absorb the costs of litigation, particularly because this Case is brought due to Defendant's misconduct in labeling its Products. Accordingly, costs of litigation weigh in favor of continued litigation in California and denial of Defendant's Motion.

---

[4] Defendant should not be permitted to identify for the first time in its Reply any specific party or non-party witnesses or inconvenience to those witnesses, and any such attempt should be disregarded.

14

PLAINTIFFS' OPPOSITION TO MOTION TO          No. 3:24-CV-01332-GPC-SBC
TRANSFER VENUE TO OHIO

### E.     Ease of Access to Sources of Proof Does Not Favor Transfer

As this Court recognized in *Lundstrom*, "'ease of access to sources of proof,' is less weighty of a factor in the age of modern of technology . . . Electronic evidence can be reproduced anywhere with relative ease. *Id.* Defendant [ ]has not demonstrated that there is a burdensome amount of physical evidence that would need to be reproduced and relocated to this District for litigation." *Lundstrom v. Young*, No. 18-CV-2856-GPC, 2022 WL 15524624, at *6 (S.D. Cal. Oct. 27, 2022) (Curiel, J.)  (*citing Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1084 (N.D. Cal Mar. 31, 2008)). Here, there is no indication whatsoever that the bulk of Defendant's evidence cannot be produced electronically. *See* Motion at 10:1-5. In addition, Defendant has not met its burden to show the location or importance of documents that would be more readily available if the Case were transferred. *See id.*; *see also Universal Stabilization Techs., Inc.*, 2017 WL 1838955, at *10 ("[G]eneral allegations that transfer is needed for the ease of obtaining records and books are not enough ... the moving party must 'show the location and the importance of the documents in question.' . . . . Because modern technology has made it easier to move records from one forum to another, the court should consider whether 'moving ... records would cause hardship to a business.'") (citations omitted). Defendant fails to show any hardship associated with production of evidence. Accordingly, ease of access to sources of proof is neutral and does not favor transfer.

### F.     Familiarity With the Applicable Law Favors California

Plaintiff alleges three claims for violation of California's consumer protection laws and does not allege a violation of any other State's law. *See* Section II, *supra*. The plain fact that California courts are more familiar with application and interpretation of California law weighs against transfer. *See Icon Health & Fitness, Inc.*, 2013 WL 1289264, at *3 ("The public interest in trying Plaintiff's California claim in California weighs against transfer to Utah, as California courts are most familiar with their own laws."); *In re Ferrero Litig.*, 768 F. Supp. 2d at 1081 ("All five of Plaintiffs' causes of actions are governed by California law . . . . A California district court is more familiar with California law than

15

PLAINTIFFS' OPPOSITION TO MOTION TO          No. 3:24-CV-01332-GPC-SBC
TRANSFER VENUE TO OHIO

district courts in other states.") (citing *Getz*, 547 F. Supp. 2d at 1085 ("A court in the Northern District of California is more familiar with California law than a court in the District of Arizona.")).[5] Thus, familiarity with California law weighs in favors of continued litigation before this Court and denial of transfer.

## V.    THE INTERESTS OF JUSTICE HEAVILY FAVOR CONTINUED LITIGATION BEFORE THIS COURT

Defendant asks this Court to disregard the substantial time, effort and resources expended during the last 15 months of litigation in this jurisdiction, and to transfer this Case to Ohio, where no action is pending. In so doing, Defendant seeks the least efficient course of conduct, which is directly contrary to the interests of justice. *See Rikos*, 2011 WL 1456096, at *1 ("The purpose of § 1404(a) is to 'prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'") (*citing Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (internal citations and quotation omitted)).

Defendant's conduct in seeking transfer of this case belies its claims of judicial efficiency and interests of justice. There is no efficient course of conduct involved in disregarding the last 15 months of litigation in this forum, only to transfer to Ohio, which is governed by different caselaw in a different Circuit. Defendant essentially asks for a wholesale reset of this Case, which smacks of forum shopping, particularly in light of Defendant's characterization of the Court's MTD Order as an "outlier". *See* n. 1, *supra*.

---

[5] Even in cases alleging nationwide or multi-state claims that include a California class, California courts have found that application of California law in California weighs against transfer. *See Hendricks*, 2014 WL 1245880, at *5 ("Without reaching the question of what state's law would apply to putative class members outside of the alleged California subclass, the Court finds merit to the argument that the California district courts are more familiar with the California laws governing the claims here. This factor weighs in favor of denying a transfer."); *Van Slyke*, 503 F.Supp.2d at 1366 ("Since this order has determined that California law should govern, at least as to the California claims, it would be better to have a judge familiar with California law to preside over this case.").

16

Defendant attempts to justify its efficiency argument by pointing to the case that was recently filed in the Northern District of Illinois. *See* Motion at 8. Yet, all of Defendant's arguments are based on speculative conjecture that both this Court and the Northern District of Illinois would transfer their pending cases to the Southern District of Ohio. There is simply no basis to believe that either or both courts would grant Defendant's motions to transfer, which would entail the least efficient path to resolution of the cases. Furthermore, there is no indication that there will be any overlap in motion practice or discovery as between this case and the Illinois Action. *See* Section I, *supra*.  Because this case is more advanced than the Illinois Action by more than a year, it is likely that there will also be no overlap in motions for class certification or summary judgment.  In addition, there is no overlap in the Class plaintiffs or putative Classes—the Plaintiffs here are California residents who seek certification of a California-only Class, while the Illinois plaintiff is an Illinois resident who seeks certification of multi-state and nationwide classes, excluding California. To the extent potential overlap or inefficiencies do arise, they can be addressed by implementing a stay in the Illinois Action or coordinating discovery. *See e.g. Askin v. Quaker Oats Co*., No. 11 CV 111, 2012 WL 517491, at *1 (N.D. Ill. Feb. 15, 2012) ("staying this litigation while the California cases proceed through the dismissal and certification stage will simplify the questions at issue here."); *Moore v. Morgan Stanley & Co*., No. CIV. A. 07 C 5606, 2007 WL 4354987, at *3 (N.D. Ill. Dec. 6, 2007) ("Because this case is substantially similar to *Jaffe*, it will be stayed until the final *Jaffe* settlement is approved or some other event in *Jaffe* warrants vacating the stay"); *Burnett v. Ocwen Loan Servicing, LLC*, No. 17 C 3474, 2017 WL 5171226, at *2 (N.D. Ill. Nov. 8, 2017) (staying consolidated cases where a ruling in a case pending before the D.C. Circuit "will both simplify legal issues in these cases and reduce the burden of litigation on the parties and the court.").

Just as weighing the convenience factors strongly favors denial of Defendant's Motion and continued litigation before this Court, the interests of justice present a second,

17

PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE TO OHIO

No. 3:24-CV-01332-GPC-SBC

extremely compelling reason to deny transfer based on the unwarranted inefficiencies that would occur if this case were transferred to Ohio.

## VI.    Location Where the Case Could Have Been Brought

Plaintiffs do not dispute that Defendant is headquartered in Ohio. *See* Motion at 5. Defendant also argues that Plaintiffs' Complaint could not have been filed in the Northern District of Illinois. *Id.* Plaintiffs do not take a position with respect to this argument because the interests of justice disfavor transfer of this case to Illinois. Plaintiffs do, however, seek to correct the corollary argument made by Defendant in its motion to transfer filed in the Illinois Action: that the Illinois Action could not have been brought in California. *See* Exhibit A, IL Motion to Transfer, at 5 (stating "the Southern District of California is *not* a location where this case . . . could have been brought."). As set forth in the IL Opposition to Motion to Transfer, this statement is incorrect.  *See* Exhibit B at 4-5.

California has specific jurisdiction over Defendant. *See e.g. Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (the exercise of specific jurisdiction is appropriate where a non-resident defendant purposefully avails itself of "the privilege of conducting activities in the forum" and the claim "arises out of or relates to the defendant's forum-related activities"); *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 445 (7th Cir. 2020) ("[t]he Supreme Court has regularly entertained cases involving nationwide classes where the plaintiff relied on specific, rather than general, personal jurisdiction in the trial court . . .") (citing cases). Furthermore, this Court could exercise pendent personal jurisdiction over Defendant because the claims at issue "arise[] out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180-81 (9th Cir. 2004) ("When a defendant must appear in a forum to defend against one claim, it is often reasonable to compel that defendant to answer other claims in the same suit arising out of a common nucleus of operative facts. We believe that judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties is best served by adopting this doctrine.").

PLAINTIFFS' OPPOSITION TO MOTION TO    No. 3:24-CV-01332-GPC-SBC
TRANSFER VENUE TO OHIO

To be clear, and as stated in the IL Opposition to Motion to Transfer, the Illinois Plaintiff does not seek to transfer the Illinois Action to California:

> there are no indications that judicial or party resources will be squandered due to the [filing of the Illinois] litigation . . . . The filing of [the Illinois] case does not . . . present inefficiencies because Plaintiff has not alleged a California class. In addition, it is unlikely that there will be overlapping motions pending before the California and Illinois Courts. Defendant's motions to dismiss have been decided with finality by the California court; while Defendant has only very recently filed a motion to dismiss before this Court. *See* Doc. 12 (Defendant's Motion to Dismiss was filed concurrently with the instant Motion to Transfer on October 13, 2025). Based on the timing of the cases, it is also unlikely that there will be any overlap in briefing of class certification and summary judgment. To the extent, however, that there is any overlap, party and judicial efficiencies can be preserved (as necessary) by instituting a stay of limited duration in this Action or consolidating discovery."

*See* Exhibit B at 10. Accordingly, while the Illinois Plaintiff does not seek to transfer the Illinois Action to California, if it becomes relevant in the future, Plaintiffs seek to correct Defendant's statement that the Illinois Action could not have been filed in California.

*In re Bozic*, 888 F.3d 1048 (9th Cir. 2018), cited by Defendant (Motion at 5:13-15), is inapplicable. There, the Ninth Circuit considered the plaintiff's writ of mandamus and decided that "the extraordinary remedy of mandamus is unwarranted at this time." *Id.* at 1051. The *Bozic* court cited to the district court's determination that, if transfer were not an available option, the district court would stay the case under the first-to-file rule. *Id.* at 1052, 1055 ("Bozic does not dispute that the first-to-file rule applies here. That rule allows a court to transfer, stay, or dismiss a later-filed suit in deference to an earlier-filed suit, *see Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991)). Importantly, the same is true here. The California case is the first-filed action and, if necessary, the Illinois case can be stayed in the interests of judicial economy, pending a determination in this case. *Id.*; *see also* Sections I and V, *supra*. Furthermore, unlike here, the *Bozic* court did not consider specific jurisdiction or pendent personal jurisdiction. Instead, its determination was based in large part on the first-to-file rule, which is only relevant to this action insofar as the instant case is indisputably the first filed case, and it would constitute

19

a tremendous waste of judicial and party resources to re-litigate the issues previously decided by this Court in the Southern District of Ohio.

## VII.    CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court deny Defendant's Motion to Transfer Venue to Ohio and retain this Action in California.

Dated:  November 11, 2025                    Respectfully submitted,

KAMBERLAW LLP

By:    */s/ Naomi B. Spector*
Naomi B. Spector

*Attorneys for Plaintiff Allison Barton and Jana Moreno, and the Putative Class*

20