UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALLISON BARTON, individually and on behalf of others similarly situated,

Plaintiffs,

v.

THE PROCTER & GAMBLE COMPANY, a Delaware company,

Defendant.

Case No. 3:24-cv-1332-GPC-SBC

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**

**[ECF Nos. 64, 77, 87, 94, 97, 106]**

This class action suit involves a number of consumer protection claims against Defendant for allegedly misleading consumers regarding the safety of its tampon products. Presently before the Court are both Plaintiffs' and Defendant's motions to file documents under seal. ECF Nos. 64, 77, 87, 94, 97, 106. For the reasons set forth below, the motions are GRANTED IN PART and DENIED IN PART without prejudice.

## BACKGROUND

The factual background of this case has been outlined by this Court in previous orders. *See* ECF No. 50. Thus, the Court will address only those facts relevant to the motions now before it.

On February 2, 2026, United States Magistrate Judge Steve B. Chu filed a protective order. ECF No. 57. On May 13, 2026, Plaintiff moved for class certification. ECF No. 66. In support of their motion, Plaintiff has sought to file several documents designated by Defendant as confidential pursuant to the protective order. Thus, Plaintiffs have moved to file documents under seal. ECF No. 64. On June 10, 2026, Defendant filed a joinder in part to Plaintiff's motion to seal. ECF No. 80.

On June 10, 2026, Defendant filed its opposition to the motion to certify class as well as a motion to exclude Plaintiff's expert. ECF Nos. 79, 81. Defendant used several materials in support of their filings that are either "competitively sensitive information" for Defendant or designated by Plaintiff as confidential under the protective order. Thus, Defendant has moved to file documents under seal. ECF No. 77.

On June 24, 2026, Plaintiff filed their reply in support of the motion for class certification. ECF No. 88. In support of their motion, Plaintiff has sought to file several documents designated by Defendant as confidential pursuant to the protective order. Thus, Plaintiff has moved to file documents under seal. ECF No. 87. On July 8, 2026, Defendant filed a joinder in part to Plaintiff's motion to seal. ECF No. 103.

On July 1, 2026, Defendant filed a reply in support of its motion to exclude Plaintiff's expert. ECF No. 96. Defendant has sought to file several documents designated by Defendant as confidential pursuant to the protective order. Thus, Defendant has moved to file documents under seal. ECF No. 94. Plaintiff filed an opposition to this motion on July 15, 2026. ECF No. 108.

On July 1, 2026, Plaintiff filed an opposition to Defendants June 10, 2026 motion to seal. ECF No. 98. In support of their motion, Plaintiff has sought to file several documents designated by Defendant as confidential pursuant to the protective order. Thus, Plaintiff has moved to file documents under seal. ECF No. 97. On June 15, 2026, Defendant filed a joinder in part to Plaintiff's motion to seal. ECF No. 110.

On July 15, 2026, Plaintiff filed an opposition to the July 1, 2026 motion to seal. ECF Nos. 94, 103. In support of their motion, Plaintiff has sought to file several documents designated by Defendant as confidential pursuant to the protective order. Thus, Plaintiff has moved to file documents under seal. ECF No. 106. On July 17, 2026, Defendant filed a joinder in part to Plaintiff's motion to seal. ECF No. 112.

## LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 n.7 (1978)). Thus, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point.'" *Id.* (citing *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Courts in the Ninth Circuit have generally held that the "compelling reasons" standard applies to motions to seal documents relating to class certification. *See Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases). Thus, a party seeking to seal a judicial record in relation to a motion for class certification must "articulate[] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and public policies favoring disclosure." *Kamakana,* 447 F. 3d at 1178-79 (internal quotation marks and citation omitted). Generally, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. Even so, "'[a]ny order sealing documents should be narrowly tailored' to serve those compelling reasons." *Doe v. L. Offs. of Winn & Sims*, No. 06-CV-

00599-H-AJB, 2021 WL 9917688, at *1 (S.D. Cal. June 21, 2021), as modified (June 29, 2021) (quoting *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)).

"Filings that are only tangentially related to the merits [of a case] may be sealed upon a lesser showing of 'good cause.'" *Adtrader, Inc.*, 2020 WL 6391210, at *2 (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016)). More specifically, "a 'particularized showing' . . . under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'" *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F. 3d at 1135, 1138). "Good cause exists where the party seeking protection shows that specific prejudice or harm will result if no protective order is granted." *Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015) (citing *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1210-11 (9th Cir. 2002)). A party asserting good cause must offer more than "broad allegations of harm that are unsubstantiated by specific examples or articulated reasoning." *Id.*

Under both the good cause and compelling reasons standards, the presumption of access is not rebutted where documents are the subject of a blanket protective order, and parties must still meet the relevant standard for each piece of information they seek to file under seal. *Kamakana*, 447 F. 3d at 1179-80 ("The compelling reasons standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order.") (internal quotation marks omitted); *Foltz*, 331 F. 3d at 1133 ("a party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document.").

**DISCUSSION**

The sealing motions before the Court address several sets of documents: (1) exhibits supporting Plaintiff's motion for class certification; (2) Defendant's opposition to

class certification and supporting exhibits; (3) exhibits supporting Plaintiff's reply in support of the motion for class certification; (4) portions of Defendant's reply in support of its motion to exclude Plaintiff's expert; (5) exhibits in support of Plaintiff's opposition to Defendant's motion to seal; and (6) exhibits in support of Plaintiff's second opposition to Defendant's motion to seal. The Court addresses each in turn.

## I. Plaintiffs' Motion to Seal – Motion for Class Certification

In moving to seal various documents—or portions thereof—in support of their motion for class certification, Plaintiff noted that each piece of information they seek to seal has been designated as confidential by Defendant. ECF No. 64 at 2.[1] Further, Plaintiff states that they "take no position with regard to whether these documents have been properly designated," noting that certain documents do not appear to meet the requirements of the motion. *Id*. at 5. Thus, Plaintiff does not present any reasons to seal particular information beyond noting that a document (1) was designated by Defendant as confidential or (2) relies on or refers to information designated by Defendant as confidential. *See id*. at 2-4.

"Generally, a party seeking to seal judicial records bears the burden to demonstrate 'compelling reasons' to deny the public access to public records." *Baldwin v. United States*, 732 F. Supp. 2d 1142, 1143 (D. N. Mar. I. 2010) (quoting *Kamakana*, 447 F. 3d at 1178). Here, while Plaintiffs are the party seeking to seal the records, Defendant is the party aiming to keep the information confidential. Accordingly, the Court finds that the burden is on Defendant to demonstrate compelling reasons for each document or piece of information they seek to seal.

---

[1] Throughout the order, the pagination for docketed documents is derived from the numbering generated by the ECF system.

Defendant's counsel has filed a joinder in support of Plaintiff's motion to seal, wherein it asserts that "there are compelling reasons to seal the information" identified in Plaintiff's motion. ECF No. 80 at 2. However, the Court finds that Defendant's conclusory explanations regarding why a piece of information should be sealed—for example, "the document contains sensitive and confidential P&G business information, including information regarding P&G's strategic goals and objectives," *id*. at 5—do not sufficiently "articulate[] compelling reasons supported by factual findings" to seal the materials, *Kamakana*, 447 F. 3d at 1178.

When a party seeks to seal records to protect its own business interest, "information may be sealed from the public only if it is truly confidential, not generally known, and its disclosure would likely cause [the party] competitive harm." *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 587 (N.D. Cal. 2020). Defendant does not specify how publication of much of the information identified in Plaintiffs' motion to seal would cause Defendant competitive harm. In addition, the declaration does not address the filings on a line-by-line basis. *See Kommenhock*, 334 F.R.D. at 587.

Lastly, the parties ask to seal many of the documents in their entirety rather than via partial redactions. *See* ECF No. 103, at 2-3. This includes over one hundred pages of exhibits, encapsulating blank slides and a vague email and chat conversation. *See* ECF No. 66-3. "Even where a document contains some information appropriate for sealing, a party may not seal the entire document and must narrowly tailor that party's request by only redacting the information appropriate for sealing." *Ameranth, Inc. v. Chownow, Inc.*, No. 20-CV-02167-BEN-BLM, 2021 WL 3678415, at *7 (S.D. Cal. Aug. 18, 2021). Where a party does seek to seal an entire document, "it must show that the possibility of prejudice or harm would not be defeated by redacting only the sensitive portions of said document." *Matthew v. United States*, No. 3:25-CV-01664-JES-JLB, 2025 WL 1811828, at *1 (S.D. Cal. July 1, 2025) (citing *In re Roman Cath. Archbishop*, 661 F.3d 417, 425

(9th Cir. 2011)). Defendant's requests to seal are poorly explained and facially overbroad. "These sorts of overbroad requests to seal will not be granted." *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 587 (N.D. Cal. 2020). Accordingly, the Court rules on Plaintiff's first motion to seal, ECF No. 64, as follows:

| **PLAINITFFS' MOTION TO SEAL – MOTION FOR CLASS CERTIFICATION** | | | |
|---|---|---|---|
| **Document** | **Portion to be Sealed** | **Alleged reason to Seal** | **Court's Ruling** |
| Class Certification Motion<br>ECF No. 66 | Redactions | "[R]eferences sensitive and confidential P&G business information." ECF No. 80 at 4. | DENIED. The reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |
| Exhibit 1 to the Decl. of Naomi B. Spector in Support of Plaintiff's Motion for Class Certification ("NS Decl.")<br>ECF No. 66 | Entire Document | "[C]ontains sensitive and confidential P&G business information." ECF No. 80 at 5. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted. Additionally, the reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |

| | | | |
|---|---|---|---|
| Exhibit 2 to NS Decl. ECF No. 66 | Entire Document | "[C]ontains sensitive and confidential P&G business information." ECF No. 80 at 5. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted. Additionally, the reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |
| Exhibit 3 to NS Decl. ECF No. 66 | Redactions | "[C]ontains sensitive and confidential P&G business information, including information regarding P&G's brand strategy and objectives." ECF No. 8 at 5. | GRANTED. |
| Exhibit 4 to NS Decl. ECF No. 66 | Entire Document | Designated by Defendant as Confidential. ECF No. 64 at 3. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 5 to NS Decl. ECF No. 66 | Entire Document | Designated by Defendant as | DENIED as overly broad. |

| | | | |
|---|---|---|---|
| | | Confidential. ECF No. 64 at 3. | There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 6 to NS Decl. ECF No. 66 | Entire Document | Designated by Defendant as Confidential. ECF No. 64 at 3. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 7 to NS Decl. ECF No. 66 | Entire Document | "[C]ontains sensitive and confidential business information regarding P&G's internal product certification efforts and related product-safety strategy." ECF No. 80 at 6. | GRANTED. |
| Exhibit 8 to NS Decl. ECF No. 66 | Entire Document | "[C]ontains sensitive and confidential P&G business information." ECF No. 80 at 6. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted. Additionally, the reasons provided are conclusory and "do |

| | | | |
|---|---|---|---|
| | | | not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |
| Exhibit 9 to NS Decl.<br>ECF No. 66 | Entire Document | Identical to Exhibit 2. ECF No. 80 at 6. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted. Additionally, the reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |
| Exhibit 10 to NS Decl.<br>ECF No. 66 | Entire Document | Identical to Exhibit 2. ECF No. 80 at 6. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted. Additionally, the reasons provided are conclusory and "do not rise to the level of 'compelling reasons' |

| | | | |
|---|---|---|---|
| | | | sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |
| Exhibit 12 to NS Decl. ECF No. 66 | Entire Document | "[C]ontains sensitive and confidential P&G business information." ECF No. 80 at 7. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted. Additionally, the reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |
| Exhibit 13 to NS Decl. ECF No. 66 | Entire Document | Designated by Defendant as Confidential. ECF No. 64 at 3. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 14 to NS Decl. ECF No. 66 | Partial redactions | "[C]ontains sensitive and confidential P&G business information regarding P&G's | DENIED. Defendant has provided no particularized factual showing to justify |

| | | | |
|---|---|---|---|
| | | vendors and suppliers, and discussion regarding the development of business plans, which would be competitively harmful." ECF No. 80 at 7. | sealing the name of its supplier. In fact, courts have rejected similar attempts to file supplier names under seal. *See*, *e.g.*, *HDT Bio Corp. v. Emcure Pharms., Ltd.*, No. C22-0334JLR, 2023 WL 8433121, at *3 (W.D. Wash. Dec. 5, 2023); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, No. 17-CV-00564 NC, 2018 WL 10472795, at *1 (N.D. Cal. Apr. 23, 2018).<br>Beyond suppliers and vendors, the document only specifies dates and discussions on lead. Defendant has not articulated what harm might result from disclosure of this information. |
| Exhibit 15 to NS Decl. ECF No. 66 | 144:8-20 | "Contains sensitive and confidential data reflecting P&G's sales of and revenue from the Products." ECF No. 80 at 7. | GRANTED. |
| Exhibit 20 to NS Decl. ECF No. 66 | Entire Document | Designated by Defendant as Confidential. ECF No. 64 at 3. | DENIED as overly broad.<br><br>There is no indication this document should |

| | | | |
|---|---|---|---|
| | | | be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 21 to NS Decl. ECF No. 66 | Entire Document | "[C]ontains sensitive and confidential P&G business information." ECF No. 80 at 8. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted. Additionally, the reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |
| Exhibit 22 to NS Decl. ECF No. 66 | Redactions | "[C]ontains sensitive and confidential P&G business information regarding P&G's strategic goals and objectives, P&G's budgeting for and financial investment into corporate initiatives, and data reflecting P&G's sales of and revenue from the Products." ECF No. 80 at 8. | GRANTED. |

| | | | |
|---|---|---|---|
| Exhibit 23 to NS Decl. ECF No. 66 | Entire Document | Designated by Defendant as Confidential. ECF No. 64 at 4. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 24 to NS Decl. ECF No. 66 | Redactions | "[C]ontains sensitive and confidential P&G business information, including information regarding P&G's internal communications strategy, product-safety strategy, risk-mitigation planning, and internal investigation of non-public testing issues." | GRANTED. |
| Exhibit 25 to NS Decl. ECF No. 66 | Redactions | "[C]ontains sensitive and confidential P&G business information regarding P&G budgeting for and financial investment into corporate initiatives. ECF No. 80 at 9. | GRANTED. |
| Exhibit 26 to NS Decl. ECF No. 66 | Entire Document | Designated by Defendant as Confidential. ECF No. 64 at 4. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than |

| | | | |
|---|---|---|---|
| | | | redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 29 to NS Decl. ECF No. 66 | Redactions | "[C]ontains sensitive and confidential P&G business information regarding P&G's sales of and revenue from the Products." ECF No. 80 at 9. | GRANTED. |

## II. Defendant's Motion to Seal – Opposition to Class Certification

Defendant, in relation to its opposition to Plaintiff's motion for class certification, has also sought to file certain documents or excerpts thereof under seal. ECF No. 109. Because the documents are in relation to a motion for class certification, the compelling reasons standard continues to apply. *Adtrader, Inc.*, 2020 WL 6391210, at *2.

Plaintiff opposes the motion, arguing that Defendant fails to provide compelling reasons, the documents are already publicly disclosed, and Defendant's expert relies upon the documents. ECF No. 98 at 10-15.

As with the declaration in support of Plaintiff's motion to seal, Defendant's declaration largely fails to articulate compelling reasons supported by factual findings to warrant sealing each particular document or piece of information. Specifically, Defendant fails to demonstrate concrete "prejudice or harm flowing from the disclosure of [each] specific document." *Al Otro Lado, Inc. v. McAleenan*, No. 17-CV-02366-BAS-KSC, 2019 WL 6220898, at *3 (S.D. Cal. Nov. 21, 2019) (citing *Unknown Parties v. Johnson*, No. CV-15-00250-TUC-DCB, 2016 WL 8199309, at *4 (D. Ariz. June 27, 2016)).

The Court rules on Defendant's motion to seal, ECF No. 77, as follows:

/ / /

/ / /

| DEFENDANT'S MOTION TO SEAL – OPPOSITION TO MOTION | | | |
|---|---|---|---|
| **Document** | **Portion to be Sealed** | **Alleged reason to Seal** | **Court's Ruling** |
| Opposition | Portions of pages 3-6, 8, 15-18, 20-21, 23. | "References sensitive competitive information." ECF No. 77 at 6. | GRANTED as to pages 3, 5:25-28, 6:1-13.<br><br>DENIED as to the remaining redactions. The reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |
| Iraolagoitia Declaration | Portions of ¶¶ 3, 7-11, 17-28, 31-45. | "References sensitive competitive information." ECF No. 77 at 6. | DENIED. The reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |
| Exhibit 4-13 and 15-22 to the Iraolagoitia Declaration | Entire Document | "Contains sensitive and confidential P&G business information regarding P&G's internal testing procedures, the results of P&G's confidential testing and analysis of Tampax and | GRANTED as to Exhibits 20-22.<br><br>DENIED as overly broad as to the remaining exhibits. While Plaintiffs may be able to identify specific information to be sealed (e.g., |

| | | | |
|---|---|---|---|
| | | competitor products, and information identifying P&G's vendors and suppliers." ECF No. 77 at 6.<br><br>Also contain analyses of potential sources of lead, countries materials were sourced, information collected about competitors, and proprietary business strategies. ECF No. 102 at 8. | product materials, confidential third-party vendors), this is not a basis to seal the document in its entirety. |
| Exhibit 2 to the Soukup Opposition Declaration | Portions of pages 161-166, 182-183 | "[R]eferences sensitive competitive information." ECF No. 77 at 7. | DENIED. The reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |
| Exhibit 4 to the Soukup Opposition Declaration | Portions of pages 3, 8, 10-11, 16, 21-26, 32-33. | "References sensitive competitive information." ECF No. 77 at 7. | DENIED. The reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |

| | | | |
|---|---|---|---|
| Exhibit 5 to the Soukup Opposition Declaration | Portions of pages 11, 14-15. | "References sensitive competitive information in response to the 2024 study." ECF No. 77 at 7. | DENIED. The reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |
| Motion to Exclude | Portions of pages i, 8-9, 18-20, 22-23. | "References sensitive competitive information." ECF No. 77 at 7. | DENIED. The reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |
| Exhibit 2 to the Soukup Exclusion Declaration | Portions of pages 161-166, 182-183, 194. | "References sensitive competitive information." ECF No. 77 at 7. | DENIED. The reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |
| Exhibit 21 to the Soukup Sealing Declaration | Portions of pages 118, 125, 126, 130-132. | "[C]ertain pages of Plaintiff's deposition transcript contained private information about Plaintiff's personal history that was designated as | DENIED as Plaintiff did not provide compelling reasons. |

| | | | |
|---|---|---|---|
| | | confidential." ECF No. 8. | |

### III. Plaintiffs' Motion to Seal – Reply to Class Certification

Plaintiff, in relation to her reply to the class certification motion, has also sought to file certain documents under seal. ECF No. 87. Because the documents are in relation to a motion for class certification, the compelling reasons standard continues to apply. *Adtrader, Inc.*, 2020 WL 6391210, at *2. The Court rules on Plaintiff's motion to seal, ECF No. 87, as follows:

| **PLAINTIFF'S MOTION TO SEAL – REPLY TO MOTION TO CERTIFY CLASS** | | | |
|---|---|---|---|
| **Document** | **Portion to be Sealed** | **Alleged reason to Seal** | **Court's Ruling** |
| Plaintiff's Reply | Redactions | Contains "internal consumer sentiment survey involving competitor brands, internal analysis of these surveys, and internal brand and product-messaging strategy plans, which would be competitively harmful…[C]ompetitors could potentially leverage information to emulate P&G's testing procedures, make copies of its products, duplicate its marketing strategies or marketing research, or attempt to disrupt P&G's relationships with its suppliers." ECF No. 103 at 5. | GRANTED as to 2:6-7, 2: 8-9, 4:4, 4 fn.6, 5:19-21, 6:1-7, 6:15-18, 6 fn.13, 7:13.<br><br>DENIED as to the remaining redactions, which do not show clear references to the confidential information Defendant alludes to and provides compelling reasons for. Additionally, some of the redactions identified attempt to seal already public information. |

| | | | |
|---|---|---|---|
| Exhibit 1 to the Decl. of Naomi B. Spector in Support of Plaintiff's Motion for Class Certification ("NS Decl.") | Redactions | Some pages are not cited to in the Reply, and there are not compelling reasons to make those pages public. ECF No. 103 at 6. Page 43 contains test information that were done on a per-component basis and could assist competitors in identifying the material composition and raw materials suppliers for each of the component parts of the Products. *Id.* | GRANTED. |
| Exhibit 2 to NS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 87 at 2. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 3 to NS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 87 at 2. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |

| | | | |
|---|---|---|---|
| Exhibit 4 to NS Decl. | Entire Document | "Public disclosure of this information would reveal what brands and products P&G considers competitors to Tampax and proprietary business strategies and recommendations which competitors could emulate to gain competitive advantage." ECF No. 103 at 7. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted. Additionally, the reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |
| Exhibit 5 to NS Decl. | Entire Document | Contains summary of internal consumer sentiment research and internal suggestions for changes to brand strategy that competitors could emulate. ECF No. 103 at 7. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted. Additionally, the reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |

## IV. Defendant's Motion to Seal – Reply to Motion to Exclude Expert

Defendant, in relation to its reply in support of its motion to exclude Plaintiff's expert, has also sought to file certain documents or excerpts thereof under seal. ECF No. 94. Because the documents are in relation to a motion for class certification, the compelling reasons standard continues to apply. *Adtrader, Inc.*, 2020 WL 6391210, at *2. The Court rules on Defendant's motion to seal, ECF No. 94, as follows:

| DEFENDANT'S MOTION TO SEAL – REPLY TO MOTION TO EXCLUDE | | | |
|---|---|---|---|
| **Document** | **Portion to be Sealed** | **Alleged reason to Seal** | **Court's Ruling** |
| Defendant's Reply | Portions of pages 8, 9, and 10. | "References to sensitive competitive information regarding P&G's internal testing procedures and the results of P&G's confidential testing and analysis of Tampax and competitor products." ECF No. 94 at 6. | DENIED. The reasons provided are conclusory and "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamankana*, 447 F.3d at 1182. |

## V. Plaintiffs' Motion to Seal – Opposition to Motion to Seal

Plaintiff, in relation to its opposition to Defendant's motion to seal, has also sought to file certain documents or excerpts thereof under seal. ECF No. 94. The motion to seal is not subject to the compelling reasons standard previously analyzed. Instead, "a 'particularized showing' . . . under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'" *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F. 3d at 1135, 1138). However, even under the good cause standard, parties must show more than the mere fact that information is subject to a protective order. *See Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015).

The Court rules on Plaintiff's motion to seal, ECF No. 97, as follows:

| PLAINITFFS' MOTION TO SEAL – OPPOSITION TO MOTION TO SEAL | | | |
|---|---|---|---|
| **Document** | **Portion to be Sealed** | **Alleged reason to Seal** | **Court's Ruling** |
| Plaintiff's Opposition to Motion to Seal | Redactions | Portions include results of internal product-safety analysis, the results of an internal consumer sentiment survey involving competitor brands, internal analysis of these surveys, and internal brand and product-messaging strategy plans." ECF No. 110 at 5. | DENIED as overly broad as they cover entire pages of the document rather than line-by-line redactions. Also, the reasons provided are conclusory and do not meet a good cause showing. *Anderson*, 312 F.R.D. at 594. |
| Exhibit 1 of the Declaration of Benjamin J. Sweet in support of Plaintiff's Opposition to Defendant's Motion to Seal and Defendant's Joinder in Part to Plaintiff's Motion to Seal ("BJS Decl.") | Redactions | Portions not cited in the Sealing Opposition, and other portions contain business information regarding internal product-safety analysis and assessment of non-public testing information. ECF No. 110 at 6. As to page 7, the page contains information that could assist competitors in identifying the material composition and raw materials suppliers for each of the component parts | GRANTED as to pages 2, 4-7, 9-15, 17-21, 23-26.<br><br>DENIED as overly broad to the remaining four pages. The reasons provided are conclusory and do not meet a good cause showing. *Anderson*, 312 F.R.D. at 594. |

| | | | |
|---|---|---|---|
| | | of the Tampax products. *Id*. | |
| Exhibit 2 of BJS Decl. | Redactions | Portions not cited in the Sealing Opposition, and other portions discuss nonpublic product-safety testing. | GRANTED as to pages 1-45, 47-85, 88-118, 122-234.<br><br>DENIED as overly broad to the remaining six pages. The reasons provided are conclusory and do not meet a good cause showing. *Anderson*, 312 F.R.D. at 594. |
| Exhibit 3 of BJS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 97 at 2. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 4 of BJS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 97 at 2.<br><br>"[C]ontains a discussion of nonpublic business and marketing strategies" ECF No. 110 at 7. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. Additionally, the reasons provided are conclusory and do |

| | | | |
|---|---|---|---|
| | | | not meet a good cause showing. *Anderson*, 312 F.R.D. at 594. |
| Exhibit 5 of BJS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 97 at 2.<br><br>"[C]ontains summary of internal consumer sentiment research and internal suggestions for changes to brand strategy as a result of that research." ECF No. 110 at 8. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. Additionally, the reasons provided are conclusory and do not meet a good cause showing. *Anderson*, 312 F.R.D. at 594. |
| Exhibit 6 of BJS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 97 at 2. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 7 of BJS Decl. | Entire Document | "Not cited in Plaintiff's Sealing Opposition." ECF No. 110 at 8. | GRANTED. |
| Exhibit 8 of BJS Decl. | Entire Document | Designated by Defendant as | DENIED as overly broad. |

| | | | |
|---|---|---|---|
| | | Confidential. ECF No. 97 at 3. | There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 9 of BJS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 97 at 3. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 10 of BJS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 97 at 3. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 11 of BJS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 97 at 3. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not |

| | | | |
|---|---|---|---|
| | | | argue in support to seal this exhibit. |
| Exhibit 12 of BJS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 97 at 4. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 13 of BJS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 97 at 3. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 14 of BJS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 97 at 4. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 15 of BJS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 97 at 4. | DENIED as overly broad.<br><br>There is no indication this document should |

| | | | |
|---|---|---|---|
| | | | be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |
| Exhibit 16 of BJS Decl. | Entire Document | "Not cited in Plaintiff's Sealing Opposition." ECF No. 110 at 10. | GRANTED. |
| Exhibit 17 of BJS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 97 at 4.<br><br>"[C]ontains sensitive and confidential P&G business information regarding internal product-safety analysis." ECF No. 110 at 10. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. Additionally, the reasons provided are conclusory and do not meet a good cause showing. *Anderson*, 312 F.R.D. at 594. |
| Exhibit 18 of BJS Decl. | Entire Document | Designated by Defendant as Confidential. ECF No. 97 at 4. | DENIED as overly broad.<br><br>There is no indication this document should be sealed in its entirety rather than redacted, and Defendants do not argue in support to seal this exhibit. |

## VI. Plaintiffs' Motion to Seal – Opposition to Motion to Seal

Plaintiff, in relation to its opposition to Defendant's motion to seal, has also sought to file certain documents or excerpts thereof under seal. ECF No. 106. The motion to seal is not subject to the compelling reasons standard previously analyzed. Instead, "a 'particularized showing' . . . under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'" *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F. 3d at 1135, 1138). However, even under the good cause standard, parties must show more than the mere fact that information is subject to a protective order. *See Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015).

The Court rules on Plaintiff's motion to seal, ECF No. 106, as follows:

| PLAINITFFS' MOTION TO SEAL – OPPOSITION TO MOTION TO SEAL | | | |
|---|---|---|---|
| **Document** | **Portion to be Sealed** | **Alleged reason to Seal** | **Court's Ruling** |
| Plaintiff's Opposition to Motion to Seal | Redactions | Portions include results of internal testing procedures and business strategy discussions. ECF No. 112 at 5. | DENIED. The reasons provided are conclusory and do not meet a good cause showing. *Anderson*, 312 F.R.D. at 594. |

## VII. Counsel Must Provide the Court with Narrower Proposed Redactions

All denials in this order are without prejudice. Within twenty (20) days of this order, the parties shall meet and confer and, subsequently, file a singular chart identifying by document name, sealed document number, and page and line/paragraph number the precise information they maintain should remain under seal. The chart shall also include citations to a declaration from a source with the required personal knowledge attesting as to the compelling reason why sealing is necessary. *See*, *e.g.*, *Krommenhock*, 334 F.R.D.

at 587; *Mendell v. Am. Med. Response, Inc.*, No. 19-CV-01227-BAS-KSC, 2021 WL 398486, at 3 (S.D. Cal. Feb. 3, 2021).

The filings now conditionally under seal will remain conditionally under seal until the Court's final ruling on sealing after reviewing the chart and declarations. At that juncture, the parties will be directed to file redacted documents that redact only the information the Court has determined may remain under seal.

**CONCLUSION**

For the foregoing reasons, the motions to seal are GRANTED IN PART and DENIED IN PART. The parties are ORDERED to meet and confer and file with the Court, within twenty (20) days of this Order, a chart identifying narrower redactions and sealing requests.

**IT IS SO ORDERED.**

Dated: August 26, 2026

Hon. Gonzalo P. Curiel
United States District Judge